# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHA P. DEVON,** | : | **MISCELLANEOUS ACTION** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **NO. 08-mc-00024** |
| | : | **(93-cr-00138)** |
| **KOLPOTOSKY, et al.,** | : | |
| **Respondents** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                 **April 28, 2011**

The petitioner has filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the Sentencing Guidelines which lowered the base offense levels applicable to crack cocaine offenses. The government filed a response arguing that the petitioner is not eligible for a reduction because the amendment does not reduce his Sentencing Guidelines range. For the following reasons, I will deny the motion in its entirety.

## I. BACKGROUND

In March 1993, Mr. Devon was charged in a multi-defendant indictment with various offenses including: conspiracy to distribute more than fifty grams of crack cocaine (Count 1); racketeering (Count 2); possession of marijuana with intent to distribute (Count 7); use of a firearm in furtherance of drug trafficking activity (Count 8); aggravated assault in aid of racketeering (Count 13); and two counts of murder in aid of racketeering (Counts 15 and 17). On November 18, 1993, a jury found him guilty of all counts.

The Pre-Sentencing Report described Mr. Devon's offenses in detail, and indicated that Mr. Devon was a member of the Mark Anthony Brown Organization, which distributed illegal substances in several area counties during the1980's and 1990's. This organization used violence as a means of achieving its unlawful objectives, including physical threats, murder, and arson. In addition to his role as a street level manager, enforcer, and seller for the organization, Mr. Devon was involved in the murders of two individuals, which were carried out to further the drug conspiracy. He also was involved in burning the body of one of the victims.

In preparing the Pre-Sentencing Report, the Probation Department determined that during the period that Mr. Devon participated in the conspiracy, the organization distributed approximately one-half kilogram of crack a day, and he was thus responsible for the distribution of more than fifteen kilograms of crack. Under the Sentencing Guidelines in effect at the time of sentencing, a quantity of fifteen kilograms or more of crack cocaine carried a base offense level of 42.[1] The base offense level was increased by two levels pursuant to § 2D1.1(b)(1) of the Guidelines because Mr. Devon possessed a firearm during the conspiracy, and by an additional two levels pursuant to § 3B1.1(c) because he was a manager in the organization. His adjusted offense level for the drug

---

[1] Several months after sentencing, Amendment 505 to the Sentencing Guidelines became effective and made retroactive by the Sentencing Commission. This Amendment reduced the top base offense level to 38, which applied to all quantities of crack cocaine in excess of 1.5 kilograms. Even if Mr. Devon had filed a motion for relief pursuant to Amendment 505, he would have been unsuccessful because his guideline range would have remained life imprisonment.

offenses reached a level of 46. After combining that with the offense levels of the remaining counts pursuant to the grouping guidelines, Mr. Devon's total adjusted offense level was 49. See U.S.S.G. §§ 3D1.1 through 3D1.4. With a Criminal History Category of I and an offense level of 49, Mr. Devon's Sentencing Guideline range was life imprisonment. He was also subject to a five-year mandatory consecutive sentence for his use of a firearm in furtherance of the drug trafficking activity.

At the sentencing held on June 6, 1994, the late Honorable James McGirr Kelly adopted the Guidelines calculation set forth in the Pre-Sentencing Report. On Counts One, Two, Thirteen, Fifteen, and Seventeen, Judge Kelly sentenced Mr. Devon to life imprisonment to run concurrently with the life sentence he was serving in the Commonwealth of Pennsylvania. On Count Seven, the judge sentenced Mr. Devon to imprisonment for a term of twenty years to run concurrently with the above sentences. On Count Eight, the judge imposed a term of five years' imprisonment to run consecutively with the above sentences. Finally, the judge ordered that if Mr. Devon were ever released from custody, he must serve a term of five years of supervised release.

## II. DISCUSSION

Mr. Devon seeks relief under 18 U.S.C. § 3582(c)(2), which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after

considering the factors set forth in section 3553(a) to the
extent that they are applicable, if such a reduction is
consistent with applicable policy statements issued by the
Sentencing Commission.

Section 1B1.10 of the Sentencing Guidelines identifies which amendments may be

applied retroactively, and articulates the proper procedure for applying an amendment to a

final sentence. Section 1B1.10(a), which became effective on March 3, 2008, provides:

(1)     In General -- In a case in which a defendant is serving a term
        of imprisonment, and the guideline range applicable to that
        defendant has subsequently been lowered as a result of an
        amendment to the Guidelines Manual listed in subsection (c)
        below, the court may reduce the defendant's term of
        imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As
        required by 18 U.S.C. § 3582(c)(2), any such reduction in the
        defendant's term of imprisonment shall be consistent with this
        policy statement.

(2)     Exclusions -- A reduction in the defendant's term of
        imprisonment is not consistent with this policy statement and
        therefore is not authorized under 18 U.S.C. § 3582(c)(2) if:

        (A)     none of the amendments listed in subsection (c)
                is applicable to the defendant; or

        (B)     an amendment listed in subsection (c) does not
                have the effect of lowering the defendant's
                applicable guideline range.

(3)     Limitation -- Consistent with subsection (b), proceedings
        under 18 U.S.C. § 3582(c)(2) and this policy statement do not
        constitute a full re-sentencing of the defendant.

Here, the Amendment in question is Amendment 706 which became effective on

November 1, 2007.  This Amendment reduced the base offense level for most crack

4

cocaine offenses by two levels. On December 11, 2007, the Sentencing Commission added Amendment 706 to the list of Amendments stated in Section 1B1.10(c) which may be applied retroactively.

It is important to stress that a defendant's sentence may only be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." <u>See</u> 18 U.S.C. § 3582(c)(2). Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The Sentencing Guidelines provide that: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." <u>See</u> U.S.S.G. § 1B1.10 (a)(2)(B).

Because Amendment 706 does not lower Mr. Devon's guideline range, a reduction in his sentence is not authorized. The amended guideline applies a base offense level of 38 to amounts in excess of 4.5 kilograms of crack cocaine. With the addition of two levels for the gun possession pursuant to § 2D1.1(b)(1) of the Guidelines, and two more levels for his managerial role in the organization pursuant to § 3B1.1(c), Mr. Devon's adjusted offense level becomes 42 for the drug offenses. The grouping guidelines provide for grouping together all counts involving the same harm into separate groups,

see § 3D1.2; then taking the offense level of the group with the highest offense level, and increasing it by one unit for each group that is equally serious or from one to four levels less serious, disregarding any group that is nine or more levels less serious than the group with the highest offense level, see § 3D1.4. Here, the calculation brings Mr. Devon's total adjusted offense level to 46.[2] When combined with a Criminal History Category of I, Mr. Devon's Sentencing Guideline range remains life imprisonment. Accordingly, because Amendment 706 does not lower Mr. Devon's guideline range, he is not entitled to a sentence reduction. See 18 U.S.C. § 3582(c)(2). I will deny his motion.

An appropriate Order follows.

---

[2] In this case, the RICO and murder counts have the highest adjusted offense level of 43. Three levels are added to 43, i.e., one level for the drug offenses (offense level 42), and two levels for the two murder counts (offense level 43), all of which are equally serious groups. The offense level of 21 for the assault is disregarded, being nine or more levels less serious than the offense level for the RICO and murder counts. See § 3D1.4(c). Accordingly, Mr. Devon's total adjusted offense level is 46.